LAW OFFICES OF LES ZIEVE
JOHN C. STEELE, Bar No. 179875
jsteele@zievelaw.com
RYAN K. WOODSON, Bar No. 224765
rwoodson@zievelaw.com
30 Corporate Park, Suite 450
Irvine, CA 92606
Telephone: (714) 848-7920
Fax: (714) 908-2615

Attorneys for Defendants
West Coast 2013-1, LLC and West Coast
Servicing, Inc.

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - CENTRAL DIVISION

| | |
|---|---|
| CHRISTINA G. LATORRE, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> WEST COAST 2013-1, LLC, a California Limited Liability Corporation; WEST COAST SERVICING, INC., a California Corporation; and DOES 1-25, <br><br> Defendants. | Case No.: 5:15-cv-01050-GW-JPRx <br> Date Action Filed: April 27, 2015 <br> Unlimited Jurisdiction <br><br> *Assigned for all purposes to:* <br> Hon. George H. Wu <br> Ctrm. 10 <br><br> **DEFENDANTS WEST COAST 2013-1, LLC AND WEST COAST SERVICING, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF CHRISTINA G. LATORRE'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> *(Filed concurrently with Request for Judicial Notice and Proposed Order)* <br><br> Date: July 16, 2015 <br> Time: 8:30 a.m. <br> Ctrm.: 10 <br><br> Trial Date: None set |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 16, 2015, at 8:30 a.m., in Courtroom 10 of the above-entitled court located at 312 North Spring Street, Los Angeles, California 90012, Defendants West Coast 2013-1, LLC and West Coast Servicing, Inc. (collectively "Defendants") will move this Court to dismiss Plaintiff Christina G. Latorre's ("Plaintiff") Complaint without leave to amend for failing to state any claim upon which relief can be granted pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure.*

The Motion to Dismiss will be based upon Defendants' Notice of Motion and Motion, Memorandum of Points and Authorities, Request for Judicial Notice, the pleadings and papers on file in this action, and on any arguments provided at the hearing. The relief sought by Defendants' Motion is dismissal of the Complaint filed by Plaintiff with prejudice. Pursuant to Local Rule 7-3, this Motion is made following the conference of counsel, which occurred on June 3, 2015.

DATED: June 11, 2015                    LAW OFFICES OF LES ZIEVE

By: _/s/ John C. Steele_____
RYAN K. WOODSON
JOHN C. STEELE
Attorneys for Defendants
West Coast 2013-1, LLC and West
Coast Servicing, Inc.

Defendants' Notice of Motion and Motion to Dismiss Plaintiff's Complaint

# TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES** ................................................. 1

    **I.**    **INTRODUCTION** ......................................................................... 1

    **II.**   **STATEMENT OF FACTS** ........................................................... 1

    **III.**  **LEGAL STANDARD OF REVIEW ON A MOTION TO DISMISS** ................................................................................. 2

    **IV.**  **PLAINTIFF'S FIRST CLAIM FOR VIOLATION OF CIVILCODE § 2934a(1)(A) FAILS** .............................................. 3

    **V.**   **PLAINTIFF'S SECOND CLAIM FOR VIOLATION OF *BUSINESS & PROFESSIONS CODE* § 17200 FAILS** .......................... 5

    **VI.**  **PLAINTIFF'S THIRD CLAIM FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT FAILS** ..................... 7

    **VII.** **PLAINTIFF'S FOURTH CLAIM FOR VIOLATION OF THE CALIFORNIA HOMEOWNER'S BILL OF RIGHTS FAILS** ............. 9

    **VIII.** **PLAINTIFF'S FIFTH CLAIM FOR VIOLATION OF RESPA FAILS** ..................................................................................... 10

    **IX.**  **PLAINTIFF'S SIXTH CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAILS** ........................ 11

    **X.**   **PLAINTIFF'S SEVENTH CLAIM FOR CANCELLATION OF INSTRUMENTS FAILS** ...................................................... 12

    **XI.**  **PLAINTIFF'S EIGHTH CLAIM FOR QUIET TITLE FAILS** ......... 13

    **XII.** **PLAINTIFF'S NINTH CLAIM FOR INJUNCTION FAILS** .............. 15

    **XIII.** **CONCLUSION** ............................................................................ 15

i

# TABLE OF AUTHORITIES
## Federal Cases

*Bell Atlantic Corp. v. Twombly*, 550 US 544 ................................................................ 2

*Caballero v. Ocwen Loan Servicing*, 2009 WL 1528128, *1 (N.D. Cal. 2009) ................ 7

*Chavez v. I.N.S.*, 17 F.Supp.2d 1141, 1143 (S.D. Cal. 1998) ...................................... 2

*Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994) ......................... 2, 3

*Conley v. Gibson*, 355 U.S. 41 (1957) ..................................................................... 3

*Costantini v. Wachovia Mortg. FSB*, 2009 WL 1810122, *3 (E.D Cal. 2009) ................ 7

*De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978) ............................................ 2

*Hamilton v. Bank of Blue Valley* (2010) 746 F.Supp.2d 1160 .................................... 9

*Harvey G. Ottovich Revocable Living Trust Dated May 12, 2006 v. Wash. Mut., Inc.* (N.D. Cal. 2010) 2010 WL 3769459, at 4-5 ............................................... 11

*Hepler v. Washington Mut. Bank, F.A.*, 2009 WL 1045470, *4 (C.D. Cal. 2009) ............ 7

*Hulse v. Ocwen Fed. Bank, FSB*, 195 F.  Supp. 2d 1188, 1204 (D. Or. 2002) ............... 8

*Kelley v. Mortg. Elec. Registration Sys., Inc.* (N.D. Cal. 2009) 642 F.Supp.2d 1048, ................................................................................................ 13

*Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995) ........................................ 3

*McNeary-Calloway v. JP Morgan Chase Bank, N.A.* (N.D. Cal. 2012) 863 F.Supp.2d 928 ....................................................................................... 15

*Medrano v. Flagstar Bank, FSB* (9th Cir. 2011) 704 F.3d 661 ................................. 9

*Mehta v. Wells Fargo Bank, N.A.* (S.D. Cal. 2010) 2010 WL 3385020, at 16 ........... 11,14

*Putkkuri v. ReconTrust Co.*, 2009 WL 32567, *2 (S.D. Cal. 2009) ............................. 8

*Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2nd Cir. 2009) ......................... 2

*Rockridge Trust v. Wells Fargo, N.A.* (N.D. Cal. Sept. 25, 2013) 985 F.Supp.2d 1110 ................................................................................................ 14

*Rosenfeld v. JPMorgan Chase Bank, N.A.* (N.D. Cal. 2010) 732 F.Supp.2d 952 ........... 13

*Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028 (9th Cir. 2009).  ...................... 7

*Sanchez v. MortgageIt, Inc.* (N.D. Cal. 2011) 2011 WL 588178, at 2........................ 12

i

*Scott v. Wells Fargo Home Mortg. Inc.*, 326 F. Supp. 2d 709, 718 (E.D. Va. 2003) ..... 7, 8

*Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) ................................................................................................................... 3

*Tina v. Countrywide Home Loans, Inc.*, 2008 WL 4790906, *6 (S.D. Cal. 2008) ............ 8

*Vega v. Saxon Mortg. Servs., Inc.*, 2009 WL 704171, *3 (S.D. Cal. 2009) ...................... 7

**State Cases**

*Aguilar v. Bocci* 39 (1974) Cal.App.3d 475 ................................................... 14

*Camp v. Bd. of Supervisors* (1981) 123 Cal.App.3d 334 ............................... 15

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal. 4th 163 ................................................................................................................ 5

*Christensen v. Sup. Ct.* (1991) 54 Cal.3d 868 .................................................. 11

*Fleming v. Kagan* (1961) 189 Cal.App.2d 791 ................................................ 13

*Girard v. Ball* (1981) 125 Cal.App.3d 772 ...................................................... 12

*Hale v. Sharp Healthcare* (2010) 183 Cal. App. 4th 1373 ............................... 5

*Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497 .............. 6

*Khoury v. Maly's of California, Inc.* (1993) 14 Cal. App. 4th 612 .................... 5

*Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310 ................................... 6

*Puentes v. Wells Fargo Home Mortg., Inc.* (2008) 160 Cal. App. 4th 638 ......... 5

*Star Pac. Inv., Inc. v. Oro Hills Ranch, Inc.* (1981) 121 Cal.App.3d 447 ......... 12

**Federal Statutes**

12 *U.S.C.* §2605(i)(3) ........................................................................................ 9

15 *U.S.C.* § 1691f(d) ......................................................................................... 7

15 *U.S.C.* § 1692a(6) ......................................................................................... 7

**Federal Rules**

Federal Rules of Civil Procedure, Rule 12(b)(6) ........................................... 2,3

Table of Authorities

**State Statutes**

Business & Professions Code §17200 ................................................................... 5

Civil Code §2924(a)(1) .............................................................................................. 4

Civil Code §2924b(b)(4) ........................................................................................... 4

Civil Code § 2934a(1)(A) .................................................................................... 3, 5

Civil Code §3412 ..................................................................................................... 12

Code Civ. Proc. §761.020 ....................................................................................... 14

Code Civ. Proc §760.020 ........................................................................................ 13

iii

1  <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2  **I.    INTRODUCTION**

3        In Plaintiff Christina G. Latorre's ("Plaintiff") Complaint against Defendants

4  West Coast 2013-1, LLC ("West Coast") and West Coast Servicing, Inc. ("West

5  Coast Servicing") (collectively "Defendants"), she admits to defaulting on the loan

6  at issue and does not dispute that the loan is **$82,423 in arrears.**  Yet, Plaintiff

7  claims that Defendants are wrongfully foreclosing on her property because the loan

8  was somehow paid off by an unknown person or entity.  Plaintiff also assesrts that

9  West Coast does not own the loan because it was not properly assigned and the

10  current trustee of the loan's deed of trust was not validly substituted.  But, as

11  shown below, all Assignments and a Substitution of Trustee were properly

12  recorded.

13        Consequently, Defendants' Motion to Dismiss Plaintiff's Complaint should

14  be granted in its entirety without leave to amend.

15  **II.   STATEMENT OF FACTS**

16        On or about August 11, 2006, Plaintiff obtained loans for $419,000 ("First

17  Loan") and $104,800 ("Second Loan") from First Franklin Financial Corporation

18  ("First Financial") to purchase property located at 11572 Mammoth Peak Court,

19  Rancho Cucamonga, California 91737 ("Subject Property").  *See Compl.*, ¶¶1, 8-

20  10, Ex. A-B; *see Request for Judicial Notice* ("*RJN*"), Ex. 1.  The beneficiary of

21  the deed of trust securing the Second Loan was Mortgage Electronic Registration

22  Systems, Inc. ("MERS").  (*See Id.*)

23        Plaintiff alleges that the servicing of the Second Loan was transferred from

24  Nationstar Mortgage, LLC ("Nationstar") to West Coast Servicing on April 30,

25  2013.  *See Compl.*, ¶18, 22, Ex. E, G.  On April 7, 2014, an Assignment of Deed of

26  Trust was recorded in which the deed of trust securing the Second Loan was

27  assigned from First Franklin to Nationstar.  *See Compl.*, ¶23, Ex. H; *see RJN*, Ex.

28

2.  On April 7, 2014, an Assignment of Deed of Trust was recorded in which the deed of trust securing the Second Loan was assigned from Nationstar to West Coast.  *See RJN*, Ex. 3.

On January 13, 2015, a Substitution of Trustee was recorded in which the Law Offices of Les Zieve ("LOLZ") was substituted as the trustee of the deed of trust securing the Second Loan.  *See RJN*, Ex. 4.  On January 13, 2015, a Notice of Default and Election to Sell under Deed of Trust was recorded that stated Plaintiff was $82,423.16 in arrears on the Second Loan.  *See Compl.*, ¶26, Ex. I; *see RJN*, Ex. 5.

## III.   LEGAL STANDARD OF REVIEW ON A MOTION TO DISMISS

A motion to dismiss under *Federal Rules of Civil Procedure*, Rule 12(b)(6), tests the legal sufficiency of the claims asserted.  *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978); *Chavez v. I.N.S.*, 17 F.Supp.2d 1141, 1143 (S.D. Cal. 1998). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 US 544, 556 – 57 (2007).

To determine if a complaint is "plausible," the court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally."  *Rescuecom Corp. v. Google Inc*., 562 F.3d 123, 127 (2nd Cir. 2009). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  *Bell Atlantic Corp. v. Twombly, supra*, 550 U.S. at 555 (*emphasis added*).  Further, the court, drawing "on its judicial experience and common sense," must decide in the specific context of the case whether the factual allegations, if assumed true, allege a plausible claim.  *Id.*

Typically, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint.  *See Clegg v. Cult Awareness*

*Network*, 18 F.3d 752, 754 (9th Cir. 1994).  The Court will dismiss a claim pursuant to Rule 12(b)(6) if the complaint, when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a claim. *Conley v. Gibson*, 355 U.S. 41, 45 – 46 (1957).  A dismissal may be based on either: (1) a cognizable legal theory; or (2) an absence of sufficient facts alleged under a cognizable legal theory.  *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).  In granting a motion under Rule 12(b)(6), leave to amend should not be granted where it is clear that the complaint's deficiencies cannot be cured by amendment.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

## IV.   PLAINTIFF'S FIRST CLAIM FOR VIOLATION OF CIVIL CODE § 2934a(1)(A) FAILS

Civil Code § 2934a(1)(A) states that "[T]he trustee under a trust deed upon real property or an estate for years therein given to secure an obligation to pay money and conferring no other duties upon the trustee than those which are incidental to the exercise of the power of sale therein conferred, may be substituted by the recording in the county in which the property is located of a substitution executed and acknowledged by: (A) all of the beneficiaries under the trust deed, or their successors in interest."  *Civil Code* § 2934a(1)(A).

Further, a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process and a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee."  *Id*. §§ 2924(a)(1), 2924b(b)(4).

Here, Plaintiff merely asserts that "[O]n information and belief, Defendants are not the 'lender' or the 'beneficiary' (obligee) of Plaintiff's loan and neither

they or [sic] the law offices [sic] of Les Zieve is entitled to substitute the trustee." *Compl.*, ¶35.  Yet, there are recorded Assignments of Deed of Trust that assigned the deed of trust securing the Second Loan from First Franklin to Nationstar, and from Nationstar to West Coast.  *See Compl.*, ¶23, Ex. H; *see RJN*, Ex. 2-3.  Plaintiff attaches the first Assignment and alleges that both Assignments are attached as Exhibit H.  *See Compl.*, ¶23, Ex. H.

On January 6, 2015, a Substitution of Trustee was executed by the current owner of the Second Loan, West Coast, and recorded on January 13, 2015.  *See RJN*, Ex. 4.  Consequently, Plaintiff's conclusion that the "alleged 'trustee' (law offices of Les Zieve) has never been properly substituted in as foreclosure trustee as required" fails as a matter of law.  *See Compl.*, ¶32.

Furthermore, Plaintiff's conclusion that "Bank of America responded on or around 3/20/15 indicating that 'First Franklin'…was the 'current owner of the note'" fails since Plaintiff does not attach the Bank of America letter as an exhibit as she alleges and, moreover, the recorded Assignments show that West Coast currently owns the Second Loan.  *Compl.*, ¶28; *see RJN*, Ex. 2-3.

Accordingly, Plaintiff's allegation that "the Substitution of Trustee and subsequent Notice of Sale and Notice of Default are void ab initio and without any legal effect" fails as a matter of law.  *Compl.*, ¶37.  On January 13, 2015, LOLZ was validly substituted as the trustee of the Second Loan's deed of trust so LOLZ's recording of the January 13, 2015 Notice of Default was also valid and not void. *See RJN*, Ex. 4-5.  In fact, there has not been any Notice of Trustee's Sale recorded as Plaintiff concludes.  *See Compl.*, ¶37.

Even assuming, *arguendo*, that Plaintiff's allegations are true, the Notice of Default was valid since any agent of the mortgagee, beneficiary, or trustee is permitted to record it pursuant to *Civil Code* §§ 2924(a)(1), 2924b(b)(4).

Accordingly, Defendants' Motion to Dismiss Plaintiff's first claim for

1   violation of Civil Code § 2934a(1)(A) should be granted without leave to amend.

**V.   PLAINTIFF'S SECOND CLAIM FOR VIOLATION OF *BUSINESS & PROFESSIONS CODE* § 17200 FAILS**

*Business & Professions Code* § 17200, *et seq*. establishes three varieties of unfair competition - acts or practices which are unlawful, unfair, or fraudulent.  *See Puentes v. Wells Fargo Home Mortg., Inc.* (2008) 160 Cal. App. 4th 638, 643-644.

By proscribing "any unlawful" business practice, Business & Professions Code §17200, *et seq*. "borrows" violations of other laws and treats them as unlawful practices that the Unfair Competition Law ("UCL") makes independently actionable.  *See Hale v. Sharp Healthcare* (2010) 183 Cal. App. 4th 1373, 1382-1383 (citations and quotations omitted).  An unlawful business practice under the UCL is an act or practice, committed pursuant to business activity, that is at the same time forbidden by law.  *See Id.*  Virtually any federal, state or local law can serve as a predicate for an action under the UCL.  *See Id.*

Further, any finding of unfairness to competitors under the UCL must be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition.  *See Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal. 4th 163, 186-187.

The term "fraudulent" as used in section 17200 does not refer to the common law tort of fraud, but only requires a showing that members of the public are likely to be deceived.  Unless the challenged conduct targets a particular disadvantaged or vulnerable group, it is judged by the effect it would have on a reasonable consumer.  *See Puentes*, 160 Cal. App. 4th at 645 (citations and quotations omitted).  "[A] plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation" and must state the particular section of the UCL that was violated.  *Khoury v. Maly's of California, Inc*. (1993) 14 Cal. App. 4th 612, 619

1    (citations and quotations omitted).

2         Finally, the California Supreme Court significantly ruled that "[T]o satisfy

3    the narrower standing requirements imposed by Proposition 64, a party must now

4    (1) establish a loss or deprivation of money or property sufficient to qualify as

5    injury in fact, i.e., economic injury, and (2) show that the economic injury was the

6    result of, i.e., caused by, the unfair business practice or false advertising that is the

7    gravamen of the claim."  (emphasis original) *Kwikset Corp. v. Superior Court*

8    (2011) 51 Cal.4th 310, 320.  In *Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216

9    Cal.App.4th 497, 522-523, the court applied the *Kwikset* factors and ruled that a

10   borrower who admitted being in default does not have standing to assert a UCL

11   cause of action since the lender's conduct, particularly if it occurred after the

12   borrower's default, did not cause the foreclosure.

13        In this matter, Plaintiff's cause of action for violation of the UCL fails for

14   numerous reasons.  *See Compl.*, ¶¶41-47.  First, Plaintiff directs her allegations at

15   "Defendant" without alleging which of the two defendants is responsible for the

16   violations so her cause of action fails on this basis alone.  *See Id*.  West Coast and

17   West Coast Servicing have separate and distinct connections to Plaintiff and the

18   Second Loan as the loan owner and servicer of the Second Loan.  *See Compl.*, ¶18,

19   22, Ex. E, G, H; *see RJN*, Ex. 3.  Therefore, Plaintiff fails to allege with reasonable

20   particularity the facts supporting the statutory elements of the violation or the

21   particular section of the UCL that Defendants purportedly violated.  *See Compl.*,

22   ¶¶41-47.

23        Moreover, as in *Jenkins*, *supra*, Plaintiff does not have standing to assert a

24   cause of action for violation of the UCL since she admits defaulting on the Second

25   Loan and all of her allegations relate to Defendants' actions after she defaulted.

26   *See Jenkins*, *supra*, 216 Cal.App.4th at 522-523; *see Compl.*, ¶26, Ex. I; *see RJN*,

27   Ex. 5.  Thus, Plaintiff cannot dispute that her default triggered the lawful

28

6

Memorandum of Points and Authorities

1   enforcement of the power of sale clause in the deed of trust that led to the

2   commencement of the foreclosure proceedings.

3       Thus, Defendants' Motion to Dismiss Plaintiff's second claim for violation

4   of the UCL should be granted without leave to amend.

5   **VI.   PLAINTIFF'S THIRD CLAIM FOR VIOLATION OF THE FAIR**

6   **DEBT COLLECTION PRACTICES ACT FAILS**

7       The statute of limitations on a claim for violation of the Fair Debt Collection

8   Practices Act ("FDCPA") is one year.  *See* 15 *U.S.C.* § 1691f(d).  Also, the

9   FDCPA regulates only "debt collectors."  *See e.g.*, *Rowe v. Educ. Credit Mgmt.*

10  *Corp*., 559 F.3d 1028, 1031-32 (9th Cir. 2009).  A "debt collector" under the

11  FDCPA is defined as any person "who regularly collects or attempts to collect,

12  directly or indirectly, debts owed or due or asserted to be owed or due another."

13  15 *U.S.C.* § 1692a(6).

14      In addition, loan servicers are not considered "debt collectors" under the

15  FDCPA if the debt they service was not in default at the time the servicing began.

16  *See Caballero v. Ocwen Loan Servicing*, 2009 WL 1528128, *1 (N.D. Cal. 2009)

17  ("creditors, mortgagors and mortgage servicing companies are not 'debt collectors'

18  and are exempt from liability under the [FDCPA]"); *Costantini v. Wachovia*

19  *Mortg. FSB*, 2009 WL 1810122, *3 (E.D Cal. 2009); *Hepler v. Washington Mut.*

20  *Bank, F.A.*, 2009 WL 1045470, *4 (C.D. Cal. 2009); *Vega v. Saxon Mortg. Servs.,*

21  *Inc.*, 2009 WL 704171, *3 (S.D. Cal. 2009) (explaining that 15 *U.S.C.* § 1692a(6)

22  excludes from the definition of "debt collector" a person who collects a debt which

23  was not in default at the time it was obtained).

24      Moreover, "[T]he law is well-settled ... that creditors, mortgagors, and

25  mortgage servicing companies are not debt collectors and are statutorily exempt

26  from liability under the FDCPA."  *Hepler v. Washington Mut. Bank, F.A.*, WL

27  1045470 at *4, (C.D. Cal. 2009), *citing Scott v. Wells Fargo Home Mortg. Inc.*,

28

Memorandum of Points and Authorities

326 F. Supp. 2d 709, 718 (E.D. Va. 2003).  The "activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the" FDCPA.  *Tina v. Countrywide Home Loans, Inc.*, 2008 WL 4790906, *6 (S.D. Cal. 2008) (quoting *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002); *see also Putkkuri v. ReconTrust Co.*, 2009 WL 32567, *2 (S.D. Cal. 2009) (same).

In this matter, Plaintiff concludes that "Defendants have attempted, and continues [sic] to attempt to collect on a consumer debt as defined by the FDCPA by recording false documents in the County Recorder's office, and making false and fraudulent debt collection efforts on a loan that has been paid in full."  *Compl.*, ¶50.  Yet, the only purported acts of debt collection alleged by Plaintiff are a May 24, 2013 letter from West Coast Servicing to Plaintiff that does not mention debt collection or her past due payments and a September 19, 2013 letter from West Coast Servicing to Plaintiff that mentions her arrearages.  *See Id.*, ¶¶18-19, Ex. E-F.  Therefore, Plaintiff's third claim for violation of the FDCPA is time barred since the alleged collection occurred nearly two years prior to her filing her Complaint on April 27, 2015.  *See Id.*

Additionally, Plaintiff fails to allege facts supporting any debt collection activities by Defendants such as what collections occurred, or when, where, or whether it was verbally or in writing.  *See Compl.*, ¶¶48-53.  She even fails to allege which recorded documents were false.  *See Id.*  Plaintiff's absurd conclusion that the Second Loan "has been paid in full" when she does not dispute her default and fails to allege that she obtained another loan to pay it off or who paid it off shows that her claim fails as a matter of law.  *See Id.*, ¶50.

Furthermore, Defendants, as a mortgagor and mortgage servicer, are not debt collectors and are statutorily exempt from liability under the FDCPA and foreclosing on a property pursuant to a deed of trust is not the collection of a debt

8

within the meaning of the FDCPA.  Plaintiff's conclusion that West Coast Servicing "is a *debt collector* under the FDCPA as it alleges to have acquired the second mortgage after it alleges it was in default" fails as a matter of law and also fails since there are no allegations that it acquired the Second Loan when it was in default.  *See Compl*.

Consequently, Defendants' Motion to Dismiss Plaintiff's third claim for violation of the FDCPA should be granted without leave to amend.

## VII.   PLAINTIFF'S FOURTH CLAIM FOR VIOLATION OF THE CALIFORNIA HOMEOWNER'S BILL OF RIGHTS FAILS

A qualified written request ("QWR") must (1) reasonably identify the borrower's name and account, (2) either state the borrower's "reasons for the belief ... that the account is in error" or "provide sufficient detail to the servicer regarding other information sought by the borrower," and (3) seek "information relating to the servicing of [the] loan."  *See Medrano v. Flagstar Bank, FSB* (9th Cir. 2011) 704 F.3d 661, 666-667; *see* 12 *U.S.C.* §2605(e)(1)(A)–(B).)  The QWR must request information relating to servicing, which encompasses only "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts ..., and making the payments of principal and interest and such other payments."  *See Medrano*, *supra*; see 12 *U.S.C.* §2605(i)(3).  A request for a loan modification or **a request related to a foreclosure does not concern loan servicing under QWR guidelines**.  *See Medrano*, *supra* at 667; *see Hamilton v. Bank of Blue Valley* (2010) 746 F.Supp.2d 1160, 1175 (emphasis added).

In her Complaint, Plaintiff merely concludes that "Plaintiff requested, in writing, on or around March 16, 2015, that Defendant provide Plaintiff with a response to her QWR which disputed that a debt could be collected when it has been paid off, and disputing Defendant's legal right to collect on the loan or initiate

9

foreclosure, and Defendant has utterly failed to provide the requested information as requested in his letter." *Compl.*, ¶55.  First of all, a QWR related to Defendants' right to foreclose or to validate a debt is not covered under RESPA.  *See Medrano*, *supra*.  Moreover, there are no provisions in the California Homeowner's Bill of Rights concerning a QWR so Plaintiff's fourth claim fails and is completely baseless.

Hence, Defendants' Motion to Dismiss Plaintiff's fourth claim for violation of the California Homeowner's Bill of Rights should be granted without leave to amend.

**VIII.  PLAINTIFF'S FIFTH CLAIM FOR VIOLATION OF RESPA FAILS**

In addition to the RESPA law cited above,

"Servicing," so defined, does not include the transactions and circumstances surrounding a loan's origination - facts that would be relevant to a challenge to the validity of an underlying debt or the terms of a loan agreement.  Such events precede the servicer's role in receiving the borrower's payments and making payments to the borrower's creditors. Perhaps for that reason, Congress drafted the statute so as not to include those matters.
The statute thus distinguishes between letters that relate to borrowers' disputes regarding servicing, on the one hand, and those regarding the borrower's contractual relationship with the lender, on the other.  That distinction makes sense because only servicers of loans are subject to § 2605(e)'s duty to respond - and they are unlikely to have information regarding those loans' originations.  **In summary, we hold that letters challenging only a loan's validity or its terms are not qualified written requests that give rise to a duty to respond under § 2605(e).**

*See Medrano*, *supra* at 666-667 (emphasis added).

Here, the exact same situation is present as in *Medrano*.  Plaintiff concludes that "he" sent a QWR to "Defendant," without specifying which defendant, challenging the validity of the Second Loan since it allegedly "has been paid off."

10

1    *Compl.*, ¶¶55, 57-62.  Accordingly, there was no duty for Defendants to respond to

2    Plaintiff's purported QWR.

3         Thus, Defendants' Motion to Dismiss Plaintiff's fifth claim for violation of

4    RESPA should be granted without leave to amend.

5    **IX.  PLAINTIFF'S SIXTH CLAIM FOR INTENTIONAL INFLICTION**

6           **OF EMOTIONAL DISTRESS FAILS**

7         To state a cause of action for the negligent infliction of emotional distress, a

8    plaintiff must plead:  (1) extreme and outrageous conduct that is directed at the

9    plaintiff; (2) a duty of care to plaintiff; (3) resulting severe emotional distress; (4)

10    the conduct was the actual and proximate cause of the emotional distress; and (5)

11    consequential damages caused by the emotional distress.  *See Christensen v. Sup.*

12    *Ct.* (1991) 54 Cal.3d 868, 903-905.  The plaintiff must plead specific facts that

13    establish that the acts complained of were so extreme as to exceed all bounds

14    established by a civilized community.  *See Michaelian v. State Compensation Ins.*

15    Fund (1996) 50 Cal.App.4th 1093, 1114.  Further, the act of foreclosing on a home

16    is not the kind of extreme conduct that supports an intentional infliction of

17    emotional distress claim.  *See Harvey G. Ottovich Revocable Living Trust Dated*

18    *May 12, 2006 v. Wash. Mut., Inc.* (N.D. Cal. 2010) 2010 WL 3769459, at 4-5;

19    *Mehta v. Wells Fargo Bank, N.A.* (S.D. Cal. 2010) 2010 WL 3385020, at 16.

20         Here, Plaintiff has failed to meet this standard as no specific facts have been

21    alleged to support this cause of action.  *Compl.*, ¶¶63-67.  Plaintiff concludes that

22    "making false statements as to loan ownership and recording documents to literally

23    try to steal the home of a woman and her kids (on a loan that is paid off), without

24    providing legal authority as required under state and federal statutes is an extreme

25    and outrageous act that no civilized society should be required to endure."  *Id.*,

26    ¶64.

27         Yet, as set forth above, West Coast was properly assigned the Second Loan

28

1  since the Assignments from First Franklin to Nationstar and from Nationstar to

2  West Coast were recorded.  *See RJN*, Ex. 2-3.  Plaintiff's baseless allegation that

3  West Coast made false statements as to loan ownership therefore fails.  If the

4  Second Loan was paid off, Plaintiff fails to allege who paid it off.  Furthermore,

5  foreclosing pursuant to a power of sale provision and recording foreclosure

6  documents cannot constitute intentional infliction of emotional distress.

7        Additionally, the plaintiff must specifically plead the severity of the

8  emotional distress.  Courts have interpreted "severe" to mean "of such substantial

9  quantity or enduring quality that no reasonable man in a civilized society should be

10  expected to endure it."  *Girard v. Ball* (1981) 125 Cal.App.3d 772, 787-788.  Here,

11  notwithstanding that Plaintiff admits she has not made a payment on the Second

12  Loan for at least five years, Plaintiff merely concludes that Defendants' actions

13  have caused her anxiety, fright, and humiliation without specifically pleading the

14  severity of the distress.  *See Compl.*, ¶66.

15        Therefore, Defendants' Motion to Dismiss Plaintiff's sixth claim for

16  intentional infliction of emotional distress should be granted without leave to

17  amend.

18  **X.    PLAINTIFF'S SEVENTH CLAIM FOR CANCELLATION OF**

19  **      INSTRUMENTS FAILS**

20        Under section 3412 of the *Civil Code*, "[a] written instrument, in respect to

21  which there is a reasonable apprehension that if left outstanding it may cause

22  serious injury to a person against whom it is void or voidable, may, upon his

23  application, be so adjudged, and ordered to be delivered up or canceled."  *Civ.*

24  *Code* §3412.  However, "to state a claim pursuant to Civil Code §3412, plaintiff

25  must allege that he has restored everything of value received from the loan

26  transaction."  *Sanchez v. MortgageIt, Inc.* (N.D. Cal. 2011) 2011 WL 588178, at 2;

27  *citing, Star Pac. Inv., Inc. v. Oro Hills Ranch, Inc.* (1981) 121 Cal.App.3d 447,

28

457.  This rule applies even if a borrower was induced to enter into the contract through fraudulent representations.  *See Fleming v. Kagan* (1961) 189 Cal.App.2d 791, 796.

In her Complaint, Plaintiff seeks to cancel the Notice of Default and the two Assignments of Deed of Trust that show West Coast owns the Second Loan.  *See Compl.*, ¶¶68-71.  Yet, she fails to allege any legal basis to cancel the documents other than they "are the product of fraud."  *Id.*, ¶70.  As set forth herein, the recorded Assignments show West Coast validly acquired the Second Loan.  Plaintiff's entire Complaint is predicated on her baseless theory that she defaulted on the Second Loan and has not made a payment for several years, but the Second Loan was paid off by some unknown person or entity.

First, Plaintiff's theory is baseless and should therefore be dismissed.  More importantly, Plaintiff fails to allege that she restored the full amount due under the Second Loan to West Coast.  *See Compl.*, ¶¶68-71.

Consequently, Defendants' Motion to Dismiss Plaintiff's seventh claim for cancellation of instruments should be granted without leave to amend.

## XI.  PLAINTIFF'S EIGHTH CLAIM FOR QUIET TITLE FAILS

An action to quiet title may be brought to establish title against adverse claims to real property or any interest therein.  *See Kelley v. Mortg. Elec. Registration Sys., Inc.* (N.D. Cal. 2009) 642 F.Supp.2d 1048, 1057 (citing *Code Civ. Proc.* §760.020.  A quiet title action must be in a verified complaint that includes:  (1) a description of the property in question; (2) the title of the plaintiff as to which a determination is sought and the basis of the title; (3) the adverse claims to the title of the plaintiff against which a determination is sought; (4) that date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims.  *See Rosenfeld v. JPMorgan Chase Bank, N.A.* (N.D. Cal. 2010) 732 F.Supp.2d 952, 974-975 (citing *Code Civ.*

13

*Proc.* §761.020).  "'Claim' includes legal or equitable right, title, estate, lien, or interest in property or cloud upon title." *Code Civ. Proc.* §760.010(a).

In most circumstances, a requirement of an action to quiet title is an allegation that plaintiffs "are the rightful owners of the property, i.e. that they have satisfied their obligations under the deed of trust." *See Kelley*, *supra*, 642 F.Supp.2d at 1057; *see also Rockridge Trust v. Wells Fargo, N.A.* (N.D. Cal. Sept. 25, 2013) 985 F.Supp.2d 1110, 1157-1158.)  Thus, tender of the indebtedness is required to quiet title in California.  *See Aguilar v. Bocci* 39 (1974) Cal.App.3d 475, 477 ("the cloud upon his title persists until the debt is paid"); *see Rosenfeld, supra*, 732 F.Supp.2d at 975; *see also Mehta v. Wells Fargo Bank, N.A.* (S.D. Cal. 2010) 737 F.Supp.2d 1185, 1206 (dismissing quiet title cause of action for failure to allege tender).

Here, notwithstanding that evidence will show that Plaintiff has not made a single payment on the Second Loan since 2008 (two years before purportedly being told the loan was paid off), Plaintiff concludes that she is entitled to quiet title to the Subject Property since West Coast was not properly assigned the Second Loan and Bank of America allegedly told her it was paid off.  *See Compl.*, ¶¶72-80.  Thus, as with the quiet title claim in *Rockridge Trust* that the court dismissed, the allegations in Plaintiff's Complaint demonstrate that the Subject Property was subject to a mortgage loan, creating a security interest in the Subject Property in favor of West Coast, and Plaintiff admits she did not satisfy her obligations under the Second Loan by defaulting so her claim is fatally deficient. *See Rockridge Trust, supra*, 985 F.Supp.2d at 1157-1158.  Moreover, Plaintiff fails to allege a tender of the balance of the Second Loan so her claim fails.  *See Compl.*, ¶¶72-80.

Thus, Defendants' Motion to Dismiss Plaintiff's eighth claim for quiet title should be granted without leave to amend.

Memorandum of Points and Authorities

## XII.   PLAINTIFF'S NINTH CLAIM FOR INJUNCTION FAILS

"Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." *McNeary-Calloway v. JP Morgan Chase Bank, N.A.* (N.D. Cal. 2012) 863 F.Supp.2d 928, 964 (quoting *Camp v. Bd. of Supervisors* (1981) 123 Cal.App.3d 334, 356.

In her Complaint, Plaintiff asserts a claim for injunction when there is no cause of action for injunctive relief, it is only a remedy. *See Compl.*, ¶¶81-86. Plaintiff also wrongfully requests a temporary restraining order and an OSC re: Preliminary Injunction without filing the required Application. *See Id.*, ¶85. Moreover, as set forth herein, all of Plaintiff's claims fail as a matter of law.

Accordingly, Defendants' Motion to Dismiss Plaintiff's ninth claim for injunction should be granted without leave to amend.

## XIII.   CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss Plaintiff's Complaint should be granted in its entirety without leave to amend.

DATED:  June 11, 2015                    LAW OFFICES OF LES ZIEVE


                                         By:  /s/ John C. Steele
                                              JOHN C. STEELE
                                              RYAN K. WOODSON
                                              Attorneys for Defendants
                                              West Coast 2013-1 and West Coast
                                              Servicing

**PROOF OF SERVICE**

I am over the age of eighteen years and not a party to the within action.  I am employed by Law Offices of Les Zieve, whose business address is: 30 Corporate Park, Suite 450, Irvine, CA 92606.

On June 11, 2015, I served the within document(s) described as: **DEFENDANTS WEST COAST 2013-1, LLC AND WEST COAST SERVICING, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF CHRISTINA G. LATORRE'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action:

☒    by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s)

☒    addressed as follows: ☐  addressed as stated on the attached mailing list.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Steven C. Vondran<br>The Law Offices of Steven C. Vondran<br>620 Newport Center Dr..,<br>Suite 1100<br>Newport Beach, CA 92660 | Tel:  949-945-8700<br>Fax: 888-551-2252s | *Attorney for Plaintiff* |
| Honorable George H. Wu<br>United States District Court – Central<br>312 North Spring Street<br>Courtroom 10<br>Los Angeles, CA 90012<br>*Courtesy Copy* | | *Honorable Judge of the United States District Court* |

☒    **BY MAIL** (F.R.Civ.P, rule 5(b)(1); F.R.Civ.P., rule 5(b)(2)(C))—I deposited such envelope(s) for processing in the mailroom in our offices, having been address to each party's attorney(s) of record at their last known address.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business.

☒    **CM/ECF** (U.S. District Court, Central District of California, Local Civil Rule 5-3.3)—The NEF that is automatically generated by the Court's Electronic Filing System constitutes service of the filed document(s) on registered users.  All parties who are not registered, if any, were served in the manner set forth above.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

☒     (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 11, 2015, at Irvine, California.

                    /s/Michelle Pollock
                  MICHELLE POLLOCK

2